GLENN R. PORTER AND INEZ V. PORTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; INEZ V. PORTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Porter v. Commissioner
Docket Nos. 29214-89, 29215-89
United States Tax Court
T.C. Memo 1991-561; 1991 Tax Ct. Memo LEXIS 609; 62 T.C.M. (CCH) 1217; T.C.M. (RIA) 91561; November 19, 1991, Filed *609 Decision will be entered under Rule 155. Ps, husband and wife, filed delinquent, joint Federal income tax returns for the taxable years 1982 and 1983 in which they failed to report community income. In addition, P wife failed to file a tax return for the taxable year 1984. P husband conceded the deficiencies and additions to tax as set forth in R's deficiency notice. P wife contends that the deficiencies and additions to tax determined by R are in error. In the alternative, P wife claims that she is entitled to relief as an innocent spouse under I.R.C. sections 66(c) and 6013(e). Held, P wife failed to prove that the deficiencies and additions to tax as determined by R are incorrect. Held further, P wife is entitled to innocent spouse relief under I.R.C. section 6013(e) for the taxable years 1982 and 1983. Held further, P wife is entitled to innocent spouse relief for the taxable year 1984 under I.R.C. section 66(c), except to the extent P wife failed to report wages she earned during that year. David C. Allie, for the petitioner Glenn R. Porter. Inez V. Porter, pro se. Phillip A. Pillar, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM FINDINGS *610 OF FACT AND OPINION Respondent determined deficiencies in and additions to the Federal income tax liability of Glenn R. Porter and Inez V. Porter as follows: Additions to tax -- Sections
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661
1982
$ 196,449
$ 98,225
*
$ 49,112
1983
114,953
57,477
*
28,738
The additions to tax for fraud under section 6653(b)(1) and (2) were determined solely against Glenn R. Porter. (Section references are to the Internal Revenue Code as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) Respondent determined a deficiency in and additions to the Federal income tax liability of Inez V. Porter as follows: Additions to tax -- Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1984
$ 571,381
$ 142,845
$ 28,569
*
$ 35,925
$ 142,845
*611 Glenn R. Porter does not dispute respondent's determinations. The issues to be decided are: (1) Whether the deficiencies and additions to tax determined by respondent against Inez V. Porter (petitioner) are correct; and (2) whether petitioner is entitled to "innocent spouse" relief for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Wharton, Texas, at the time she filed her petition. Petitioner married Glenn R. Porter (Glenn) in December, 1979. At that time, Glenn operated a sole proprietorship known as Porter Roofing and Construction (Porter Construction). Glenn incorporated Porter Construction in 1984. Porter Construction generally completed roofing work on a subcontract basis. In November, 1980, petitioner separated from Glenn and moved to Wharton, Texas. In February, 1982, petitioner entered into a lease for a residence located at 2539 Cooper's Post in Sugarland, Texas. Pursuant to a separation agreement, Glenn paid petitioner's rental for the Cooper's Post residence. Petitioner resided at the Cooper's Post address until March, *612 1983. At that time, petitioner and Glenn temporarily reconciled and resumed cohabitation at 910 Alkire Lake, Sugarland, Texas, where Glenn was living. In 1983, Glenn contributed $ 2,000 to an Individual Retirement Account which he had opened on petitioner's behalf. In addition, Glenn generally provided for household expenses during 1983 and 1984 and made monthly mortgage payments of $ 1,719.38 on the Alkire Lake residence. Annual estimated personal and family expenses were $ 43,198 for 1982, $ 43,748 for 1983 and $ 44,308 for 1984. Petitioner was employed as an automobile title clerk for Harris County in Houston, Texas. Petitioner earned wages of $ 14,704 and $ 10,386.56 during 1982 and 1984, respectively. From a review of the Form 1040 filed for the taxable year 1983, it appears that petitioner earned wages of $ 15,145 during 1983. Throughout the period in question, petitioner was aware that Glenn was in the roofing business through Porter Construction. However, petitioner was not aware of any specifics of the operation of Porter Construction or of the financial condition of the firm. Petitioner was aware of her obligation to file Federal income tax returns and to pay tax. *613 For years prior to 1982, petitioner and Glenn filed separate Federal income tax returns. Petitioner filed delinquent, joint Federal income tax returns with Glenn for the taxable years 1982 and 1983, reporting losses of $ 97,480 and $ 123,433, respectively. The 1982 return was filed on May 30, 1984, while the 1983 return was filed on September 10, 1986. The returns were prepared by a bookkeeper employed by Glenn. Petitioner relied on Glenn and the bookkeeper to properly prepare and file Federal income tax returns during the years in issue. In this regard, petitioner did not review the returns in question when they were presented to her for signing. Petitioner assumed that she had filed a joint return with Glenn for the taxable year 1984. However, no such return was filed. In 1985, the Internal Revenue Service instituted an examination concerning the Schedule C losses claimed with respect to Porter Construction for the years in issue. Petitioner was cooperative throughout the course of the examination. In the course of the examination it became evident that the books and records maintained by Porter Construction were inadequate to permit the revenue agent to determine whether *614 Porter Construction experienced the losses claimed on the returns under review. Accordingly, the revenue agent found it necessary to reconstruct the firm's income and expenditures through indirect methods. Porter Construction maintained an operating account with Southwestern Bank in Houston, Texas (Southwestern account). Petitioner's signature was added to this account on January 19, 1980. While reviewing Porter Construction's bank statements for the Southwestern account, the revenue agent came across an entry reflecting a 1983 wire transfer of $ 50,000 to an account at Texas Commerce Bank in Hurst, Texas (TCB account). The revenue agent later obtained documentation establishing that the TCB account belonged to Porter Construction and that amounts deposited into the account represented unreported gross receipts. Petitioner was not aware of the TCB account. The revenue agent determined that Glenn paid personal living expenses from the TCB account throughout the period in question, including mortgage payments, telephone bills and cable television charges. Further, it was determined that rental payments for the Cooper's Post residence were paid out of the Southwestern account. *615 Petitioner separated from Glenn again in 1987. Petitioner and Glenn were granted a divorce in May, 1989. OPINION During the years in issue, petitioner and her then husband, Glenn, resided in the State of Texas. Under the community property laws of Texas, income earned by one spouse during marriage is treated as community income. Tex. Fam. Code Ann. sec. 5.01(b) (West 1974); Johnson v. Commissioner, 72 T.C. 340, 343 (1979), and cases cited therein. Thus, in reporting income for purposes of the Federal income tax, a husband and wife residing in a community property State must either file a joint return reporting all community income or file separate returns in which each spouse reports a one-half share of community income. See United States v. Mitchell, 403 U.S. 190, 196-197, 29 L. Ed. 2d 406, 91 S. Ct. 1763 (1971). As previously noted, petitioner filed joint Federal income tax returns with Glenn for the taxable years 1982 and 1983. On the other hand, petitioner filed no return for the taxable year 1984. Petitioner contends that respondent erred in determining deficiencies and additions to tax for all of the years in issue. Petitioner contends that respondent's determinations *616 are incorrect because "Glenn Porter refutes it to this day" and that Glenn settled with respondent solely due to lack of funds to contest the determinations. Petitioner bears the burden of proving that respondent's determinations are incorrect. Rule 142(a). Although petitioner contests respondent's determinations, petitioner admits that she has no evidence to establish the proper income or losses of Porter Construction during the period in question. In short, petitioner has failed to satisfy her burden of proof. Accordingly, we conclude that respondent's determinations are correct as set forth in the notices of deficiency. Having sustained respondent's determinations, we turn to petitioner's alternative contention that she qualifies for "innocent spouse" relief. More specifically, petitioner maintains that she did not know of the unreported income from Porter Construction and that she relied on her husband and his bookkeeper to properly compute and report the family's tax liabilities. Petitioner further contends that it would be inequitable to hold her liable for the tax owing under the circumstances. Petitioner seeks innocent spouse relief under section 6013(e) for the taxable *617 years 1982 and 1983 and section 66(c) for the taxable year 1984. Generally, a husband and wife filing a joint Federal income tax return are jointly and severally liable for the tax owing. Sec. 6013(d)(3). However, joint and several liability may be avoided if the four prerequisites set forth in section 6013(e) are satisfied. Section 6013(e) provides: (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES. -- (1) IN GENERAL. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent *618 such liability is attributable to such substantial understatement.
Because petitioner did not file a joint return for the taxable year 1984, petitioner seeks innocent spouse relief for that year under section 66(c), a provision added to the law by section 424(b)(1) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 802-803. Section 66(c), effective retroactive to the years in dispute, provides in pertinent part: (c) SPOUSE RELIEVED OF LIABILITY IN CERTAIN OTHER CASES. -- Under regulations prescribed by the Secretary, if -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of *619 community income shall be included in the gross income of the other spouse (and not in the gross income of the individual).
All four statutory requirements must be met for the taxpayer to be afforded relief under sections 6013(e) and 66(c). Roberts v. Commissioner, 860 F.2d 1235, 1238 (5th Cir. 1988), affg. T.C. Memo 1987-391; Estate of Jackson v. Commissioner, 72 T.C. 356, 360 (1979). Notably, respondent concedes that the first two prerequisites for relief under both provisions are satisfied in this case with respect to community income from Porter Construction. Thus, the issues left to be resolved are whether petitioner knew or had reason to know of the unreported community income from Porter Construction and whether it is inequitable under the circumstances to hold petitioner liable for the tax due thereon. It is respondent's position that petitioner knew or should have known of the unreported income from Porter Construction because petitioner was a signatory on the firm's Southwestern account. Respondent further asserts that petitioner should have been aware of the unreported income in light of the vast difference *620 between the losses reported on the returns in question and the amounts of the family's annual expenses. The issue of whether petitioner knew or should have known of the unreported community income is essentially factual. We are convinced by petitioner's testimony that she had no actual knowledge of the unreported income. However, petitioner must also prove that a reasonably prudent person with her knowledge of the surrounding circumstances would not and should not have known of the understatement, keeping in mind her level of intelligence, education and experience. Sanders v. United States, 509 F.2d 162, 166-167 (5th Cir. 1975); Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979). We conclude that a reasonably prudent person in petitioner's position would not and should not have known of the unreported community income from Porter Construction during the years in issue. In arriving at this conclusion, we emphasize that petitioner did not pursue a formal education beyond high school and was not sophisticated with respect to financial or tax matters. Further, petitioner was unfamiliar with the operations and financial condition of Porter *621 Construction and Glenn apparently did not share this information with her. We are also convinced that Glenn maintained the TCB account for Porter Construction as a secret account and that petitioner had no reason to know of its existence. Although petitioner was a signatory on the Southwestern account, she was not a signatory on the TCB account. Moreover, there is no indication of lavish or extravagant expenditures that might have given petitioner reason to know of the unreported income. Finally, taking into account all facts and circumstances, we conclude that it would be inequitable to include the unreported community income from Porter Construction in petitioner's gross income. In particular, we note that petitioner was separated from Glenn during all of 1982 and the first quarter of 1983. It appears that the only funds petitioner received from Glenn during this period were the rental payments on the Cooper's Post residence. Moreover, there is no evidence that petitioner otherwise enjoyed an extravagant lifestyle or received any significant benefit from the unreported income. Further, the wages petitioner earned while working for Harris County during 1982 (and apparently *622 during 1983) were reported on the returns as filed. While we conclude that petitioner is entitled to innocent spouse relief with respect to unreported community income from Porter Construction during the years in issue, petitioner is not entitled to innocent spouse relief to the extent petitioner failed to report wages she earned from Harris County during 1984. Specifically, as a prerequisite to innocent spouse relief, section 66(c)(2) requires that the item of community income in question be treated as the income of the other spouse in accordance with the rules contained in section 879(a). Because petitioner's wages earned during 1984 would not be treated as Glenn's income, see section 879(a)(1), petitioner is not entitled to innocent spouse relief with respect to the tax due on her wages. Having concluded that petitioner is liable for the deficiency in tax arising from her failure to report the wages she earned during 1984, we likewise conclude that petitioner is liable for additions to tax relating thereto. Respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for the taxable year 1984. Section 6651(a)(1) provides for an addition *623 to tax unless the taxpayer shows that his or her failure to file a timely return was due to reasonable cause and not willful neglect. Although petitioner admits that she did not file a return for the taxable year 1984, petitioner argues that she reasonably relied on her husband and the bookkeeper to handle all tax matters. We do not agree. From past experience, petitioner was fully aware of her obligation to file Federal income tax returns. However, petitioner effectively ignored her obligation to file a return for the taxable year 1984. It cannot be said that petitioner's reliance on her husband was reasonable, particularly where there is no evidence that a return was ever prepared. Further, petitioner's reliance on the family accountant to timely file the returns is not sufficient to avoid liability under section 6651(a)(1). United States v. Boyle, 469 U.S. 241, 252, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). To the extent that petitioner failed to file a return reporting the wages she earned during 1984, respondent's determination under section 6651(a)(1) is sustained. Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for the taxable *624 year 1984. Section 6653(a)(1) and (2) provides for additions to tax if an underpayment of tax required to be shown on a return is due to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). For the reasons stated in sustaining respondent's determination under section 6651(a)(1), we likewise conclude that petitioner is liable for the additions to tax for negligence under section 6653(a)(1) and (2) to the extent she failed to report her wages for 1984. Petitioner did not take the reasonable steps necessary to ensure that a return was filed for 1984. Respondent determined that petitioner is liable for an addition to tax under section 6654 for the taxable year 1984. Section 6654 provides for an addition to tax for the underpayment of estimated tax. Because petitioner did not pay estimated tax, other than $ 1,020.38 withheld from her wages, respondent's determination is sustained. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩
*. 50 percent of the interest due on the deficiency.↩